Breson, Appellant, v. Breson.

Argued October 7, 1927.

Before PORTER, P. J.,
HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and
CUNNINGHAM, JJ.

*Matthew Randall*, and with him *Clinton A. Sowers*, for appellant.

*Samuel Kravitz*, and with him *Samuel Gordon*, for appellee.

OPINION BY PORTER, P. J., March 2, 1928:
This is an appeal by the libellant from the judgment

of the court below dismissing her libel, praying for a divorce from her husband, the respondent, upon the grounds of his barbarous and cruel treatment and indignities to her person. The proceeding was referred to a master who, after a patient hearing of all the testimony produced by the parties, filed a report which disclosed that he had conscientiously discharged the duties of his appointment, given careful consideration to all the testimony presented, and that, after such consideration, he was convinced that many of the incidents described in the testimony of the libellant were without foundation in fact. He recommended that the libel be dismissed. The libellant filed exceptions to the report and after argument, the learned judge of the court below filed an opinion, which will appear in the report of this case, clearly indicating that the court had considered the testimony in detail and, exercising its own independent judgment, had arrived at the conclusion that the libel should be dismissed and accordingly so decreed.

The appellant complains that the learned judge in the opinion filed referred to Mrs. Stark, a witness who had been called on behalf of the respondent, as having been called by the libellant. This slip on the part of the court worked no injury to libellant's cause. The testimony of Mrs. Stark was not contradicted as to any material fact. The respondent and libellant had lived at a boarding house conducted by Mrs. Stark during the first four months after their marriage, and the testimony of Mrs. Stark merely tended to establish that during that period the couple had apparently lived happily. There was nothing in the testimony of libellant herself, nor in that of any other witness, which tended to disclose that the respondent had been guilty of barbarous and cruel treatment or indignities to the person of the libellant which could have become known to Mrs. Stark or any other person who lived in her house during the period to which the testimony of the

witness referred. The record seems to indicate that both the master and the learned judge of the court below were of opinion that the testimony of the libellant, if believed, would have warranted a decree in divorce upon the grounds alleged in the libel, but neither the master nor the learned judge of the court below were of opinion that the testimony of the libellant, as to the incidents upon which she relied to sustain her libel, could be accepted as credible. The mere fact that a libellant may testify as to acts which would sustain a charge of barbarous and cruel treatment and indignities to the person is not conclusive as to the question of whether a divorce should be decreed, for it is essential to the proper disposition of such a case that all the testimony should be considered, as well as the circumstances and surroundings of the parties. The libellant and respondent were married on February 7, 1920, and for the first four months after that date lived in the house of Mrs. Stark at 732 North 7th St., Philadelphia, and then moved to 39 South Salford St., in which house they both lived down until the time of the conclusion of the testimony before the master, although the wife had filed this libel for divorce on March 11, 1925. This certainly indicated that neither of the parties stood in any terror of the other, but that each is attempting to hold the fort in the hope of a decision favorable to his or her contention in this proceeding.

The appellant testified to treatment of her by her husband which might properly be characterized as barbarous and cruel treatment and indignities to her person, upon a number of occasions. Her testimony as to each of such occurrences was flatly denied by the testimony of the respondent. The appellant called a number of witnesses, among them her own daughter, who had lived in the same house with the parties from May, 1920, to October, 1921, and none of said witnesses corroborated her as to any incident

which could properly be held to constitute barbarous and cruel treatment or indignities to the person of the libellant upon the part of the respondent. The alleged wrongful acts of the respondent, testified to by the libellant, all occurred under circumstances which would have become known to persons living in the same house with them and to the neighbors, for they lived in a closely built-up portion of the city. Divorces are not to be granted save for the cause averred in the libel and clearly established by the evidence. We have read the entire testimony and after careful consideration of it are not convinced that it established the right of the libellant to a decree of divorce in the manner required by law. The assignments of error are dismissed.

The decree is affirmed and it is ordered that the appellee pay the cost of the appeal.